# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| LIANA KARAPETYAN,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>WARDEN,<br><br>　　　　Defendant. | Case No. ED CV 23-01671-HDV (DFM)<br><br>ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE |

## I.　INTRODUCTION

On August 13, 2023, Petitioner Liana Karapetyan, a federal prisoner proceeding pro se, constructively filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. See Dkt. 1. The Court made multiple unsuccessful attempts to serve Petitioner with a notice of deficiency, which instructed her to either pay the filing fee or request to proceed in forma pauperis ("IFP") within thirty days, otherwise the case may be dismissed. See Dkts, 2, 4, 6.

On November 13, 2023, the District Judge ordered Respondent to file a Status Report indicating whether Petitioner was still in federal custody of any kind and whether Respondent has any current address for Petitioner. See Dkt. 7. Respondent did so on November 27, noting that Petitioner had been released from the Residential Reentry Center to serve a term of Supervised

Release and providing Petitioner's forwarding address. See Dkt. 9. The next day, the Court mailed a copy of the notice of deficiency to the address provided by Respondent. The mail was not returned to sender, suggesting that Petitioner received it. Nevertheless, Petitioner has still not paid the filing fee or requested to proceed IFP.

## II. DISCUSSION

District courts have the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with a court order. See Link v. Wabash R.R., 370 U.S. 626, 629-31 (1962).

Under Ninth Circuit precedent, "in order for a court to dismiss a case as a sanction, the district court must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" Yourish v. California Amplifier, 191 F.3d 983, 986 (9th Cir. 1999) (quoting Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)). The Ninth Circuit may affirm a district court's sanction of dismissal where at least four factors support it or where at least three factors strongly support it. Hernandez, 138 F.3d at 399. As discussed below, at least four of the five factors support dismissal.

Here, the first two factors support dismissal. First, "the public's interest in expeditious resolution of litigation always favors dismissal." Yourish, 191 F.3d at 990. Second, Petitioner's failure to comply with Court orders interferes with the Court's ability to manage its docket. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. Arguably, Pagtalunan's petition has

2

consumed some of the court's time that could have been devoted to other cases on the docket." (internal citation omitted)); see also Irvin v. Madrid, 749 F. App'x 546, 547 (9th Cir. 2019) ("The second factor also favors dismissal because the district court is in the best position to determine whether a particular set of circumstances interferes with docket management.").

The third factor supports dismissal. The risk of prejudice is "related to the plaintiff's reason for defaulting in failing to timely amend." Yourish, 191 F.3d at 991. The record suggests no apparent reason for Petitioner's failure to comply with the Court's orders. The absence of any such reason indicates sufficient prejudice to Defendants. See id. at 991-92 (holding that a paltry excuse for default indicates sufficient prejudice to the defendants); see also In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (recognizing that the law presumes injury to the defendants from unreasonable delay).

The fourth factor weighs against dismissal. "We have often said that the public policy favoring disposition of cases on their merits strongly counsels against dismissal." In re Phenylpropanolamine Prods. Liability Litig., 460 F.3d 1217, 1228 (9th Cir. 2006). On the other hand, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." Id. (citations omitted). Thus, this factor alone does not preclude dismissal.

The fifth factor supports dismissal. "Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement." Prods. Liability Litig., 460 F.3d at 1229 (citing, inter alia, Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) ("Moreover, our decisions also suggest that a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.")). On August 17, 2023, the Court warned Petitioner of the possibility of dismissal if she failed to pay the filing fee or request IFP

within thirty days. See Dkt. 2. To date, Petitioner has failed to do either or file anything at all.

Four of the five factors above support dismissal of the action for failure to comply with the Court's orders. Moreover, the dismissal is without prejudice rather than with prejudice, thereby "giving the plaintiff an opportunity to return and prosecute his claims another day." Ash v. Cvetkov, 739 F.2d 493, 497 (9th Cir. 1984) (explaining that dismissal without prejudice "is a more easily justified sanction"). In sum, dismissal without prejudice is warranted.

## III. ORDER

IT IS THEREFORE ORDERED that this action is dismissed without prejudice. See Fed. R. Civ. P. 41(b).

Dated: 1/9/2024

HERNÁN D. VERA
United States District Judge

Presented by:

DOUGLAS F. McCORMICK
United States Magistrate Judge

4